## The People, ex rel. H. H. Biggs, Appellant, v. R. P. Smith, Appellee.

COUNTIES—*power of board of supervisors to fill vacancy in office of overseer of the poor.* A board of supervisors of a county has no power to fill a vacancy existing in the office of overseer of the. poor for a longer period than its own term of office.

*Quo warranto.* Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

F. L. HATCH, for appellant; E. S. SMITH, of counsel.

ALBERT SALZENSTEIN and EDMUND BURKE, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

An information in the nature of a *quo warranto* was filed in the Circuit Court of Sangamon county against R. P. Smith in which it was alleged that Sangamon county was under township organization and that the pauper poor were supported by the county; that Capitol township in said county had more than 4,000 inhabitants and therefore the supervisor of that township was *ex-officio* overseer of the poor for that township; that R. P. Smith was elected supervisor of said township at the regular election in April, 1906, for the term of two years; that at the meeting of the board of supervisors of Sangamon county, held on April 10, 1906, said Smith surrendered his office as overseer of the poor by filing a resignation in the following words :-

SPRINGFIELD, ILL., April 10, 1906.
*To the Board of Supervisors of Sangamon County:*
The undersigned, supervisor of the township of Capitol, in said county, would respectfully request this honorable body to relieve him of the duties of overseer of the poor of Capitol township for his term.

R. P. SMITH,
Supervisor at Large, Capitol township."

That said request was granted by said board and another person was appointed as overseer of the poor for such township for the period of one year, and his salary fixed at $100 per month; that on April 15, 1907, the board of supervisors of said county appointed H. H. Biggs as overseer of the poor of said township for the ensuing year and fixed his salary at $100 per month; that Biggs was ready to assume the duties of his office and on April 24, 1907, had demanded of Smith the custody and control of the books and papers of the office of the overseer of the poor and that Smith had refused to deliver the same. There was a prayer in the usual form asking that Smith be required to show by what authority he held the office of overseer of the poor, etc.

Smith appeared and filed a plea to the petition in which he averred that on the second day of April, 1907, at the regular township election held in the various townships of Sangamon county, supervisors were elected and that on the ninth day of April, 1907, the members elect and hold over members of the board of supervisors met in regular course and organized as a board for the ensuing year; that at such meeting and immediately after such organization, Smith presented a communication to said board of supervisors, which was in the following words, to-wit:

*"To the Board of Supervisors of Sangamon county, Illinois:*

The undersigned supervisor at large for Capitol Township, in said county, having at the April meeting, 1906, of the then board of supervisors been relieved of the duties of overseer of the poor for said township, respectfully states that he has reassumed and will perform his duties *ex-officio* overseer of the poor for said township for the now ensuing year.

R. P. SMITH,

Supervisor at Large and Ex-Officio Overseer of the Poor in and for Capitol Township, Sangamon County."

That immediately after such organization of said board he (Smith) resumed the office and duties of overseer of the poor as by law he was required and authorized to do.

To this plea a demurrer was interposed by appellant which was overruled by the court. Appellant elected to stand by its demurrer and this appeal followed.

It is contended by appellant that in his resignation as tendered appellee resigned his office as overseer for his term as supervisor and he was therefore usurping the function of the office of overseer. The Revised Statutes provide that when such a resignation is tendered and accepted the board may name an overseer of the poor for said township and fix his compensation and term of office, which shall not exceed the term of said board.

The term of the board to which appellee tendered his resignation as overseer expired upon the organization of the new board on the ninth day of April, 1907, and with it the term of the overseer named by the board also expired.

The board had no power to name an overseer to hold his office during appellee's entire term as supervisor and any attempt to do so would have been inoperative beyond the life of the board as then organized. The board that made the appointment in April, 1906, exhausted its power to act by its appointment of an overseer who served through the life of that board, and no resignation was tendered to the board organized on April 9, 1907.

We hold that the resignation as tendered and accepted was for the period of one year only. The trial court properly so held and the judgment is affirmed.

*Affirmed.*